UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRED A. JENKINS,
     Plaintiff,

vs.                                  Case No.: 3:18cv2084/RV/EMT

KEVIN SERRANO, et al.,
     Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The matter is before the court on "Plaintiff's Notice of Voluntary Dismissal of the Present Case and Motion Requesting Order Directing the Florida Department of Corrections (FDOC) to Refund Plaintiff the Overpayment of the Filing Fee in the Amount of $350.00" (ECF No. 52). The court will construe Plaintiff's notice of dismissal as a motion to voluntarily dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which the undersigned will recommend be granted.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Courts "enjoy broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Goodwin v. Reynold*, 757 F.3d 1216, 1219

(11th Cir. 2014) (internal quotation marks and citation omitted). But "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* (internal quotation marks and citation omitted). In determining whether the defendant will suffer prejudice, the court must determine whether the defendant would "lose any substantial right by the dismissal." *Pontenberg v. Bos. Scientific Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (internal quotation marks and citation omitted). Thus, courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (internal quotation marks and citation omitted).

If Defendants object to dismissal of the action, they may file objections to this Report and Recommendation within fourteen days and identify the clear legal prejudice they will suffer from the dismissal.

The court will address Plaintiff's request for return of the overpaid portion of the filing fee by separate order.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

2.     That all pending motions, other than Plaintiff's motion for return of the overpaid portion of the filing fee (ECF No. 52), be **DENIED** as moot.

3.     That the case be closed upon resolution of Plaintiff's motion for return of the overpaid portion of the filing fee (ECF No. 52) or consideration of any objections, if any objections are filed within the time allowed, whichever occurs later.

At Pensacola, Florida this 11<u>th</u> day of August 2021.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**